Sr. Special AGENT Paul L.D. Russell, Jr., U.S. Department of Justice, Drug Enforcement Administration, Plaintiff,

v.

The TOWN OF READING, The Reading Police Department, Edward Marchard, Robert Moreschi, Peter Garchinski, Defendants.

No. CIV.A. 2000–12634–RBC.

United States District Court, D. Massachusetts.

July 9, 2002.

Lewdorsey R. Williams, Somerville, MA, for Plaintiff.

Leonard H. Kesten, Brody, Hardoon, Perkins & Kesten, Boston, MA, for Defendants.

### MEMORANDUM AND FIRST ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS (# 32)

COLLINGS, United States Magistrate Judge.

On April 30, 2002, the Court allowed an unopposed motion by the plaintiff to compel answers to interrogatories and produce documents. The Order (# 30) read, in pertinent part, as follows:

> No opposition having been filed, ...[t]he defendants are ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to serve full and complete answers to plaintiff's interrogatories, to serve full and complete responses to plaintiff's request for production of documents and to produce all requested documents which have been requested (or copies thereof) **on or before the close of business on Thursday, May 30, 2002.**

Defendants did not provide any of the discovery ordered by the Court by May 30, 2002. More than twenty days having elapsed and production still not having been made, plaintiff filed Plaintiff's Second Motion to Compel Answers to Interrogatories and Production of Documents and Request for Sanctions (# 32) on June 20, 2002. The sanctions requested in the second motion are another order to compel, judgment by default, the striking of defendants' defenses, the preclusion of any evidence by defendants, and an award of costs.

Defendants' counsel's statements in Defendants' Opposition, Etc.(# 33) to the motion are largely beside the point. He asserts that he was going "...to discuss the outstanding discovery with plaintiff's counsel..." in a telephone call which plaintiff's counsel did not return. In addition, he states that the discovery was only relevant to the claim against the Town and that claim has been deferred for trial until after the trial involving the individual officers.

What counsel fails to realize is that in the face of an Order by the Court, the time for discussion was past. Defendants' counsel was under an Order to comply unless the Order was amended or vacated.[1] Further, if defendants' counsel opposed discovery on the claims against the Town, he should have opposed the initial motion to compel on the ground. It is far too late to raise the issue now.

Manifestly, defendants' counsel's failure to comply with the Court's Order merits sanctions. Since it is represented that the discovery has now been produced, I shall not award any sanction other than an award of costs, including reasonable attorney's fees, in obtaining the initial Order compelling discovery (Rule 37(a)(4), Fed.R.Civ.P.) and in prosecuting the instant motion (Rule 37(b)(2), Fed.R.Civ.P.). I shall require that the amount of the sanction be paid by the law firm representing the defendants and that the sanction not be passed on for payment to either the defendants or their insurers or any other person or entity.

---

1. Failure to comply with an Order compelling discovery can be the basis for a citation for contempt of Court. See Rule 37(b)(2)(D), Fed. R.Civ.P.

Accordingly, it is ORDERED that Plaintiff's Second Motion to Compel Answers to Interrogatories and Production of Documents and Request for Sanctions (# 32) be, and the same hereby is, ALLOWED to the extent that the law firm representing the defendants shall be required to pay the costs, including reasonable attorney's fees, which plaintiff incurred in obtaining the Order of April 30, 2002 and in obtaining the within Order.

Counsel for the plaintiff shall file and serve, **on or before the close of business on Tuesday, July 23, 2002,** an affidavit detailing the costs, including reasonable attorney's fees, which plaintiff incurred in obtaining the Order of April 30, 2002 and in obtaining the within Order. Defendants' counsel may file and serve an opposition to any of the items or amounts claimed as costs **on or before the close of business on Tuesday, August 6, 2002.**